(105 App. Div. 326.)

PEOPLE ex rel. NESMITH & CONSTANTINE CO. v. MILLER, Comptroller.

(Supreme Court, Appellate Division, Third Department. May 16, 1905.)

1. CORPORATIONS—LICENSE FEE—IMPOSITION BY COMPTROLLER—REASSESSMENT.

Under section 181 of the tax law (Laws 1896, p. 856, c. 908), requiring foreign corporations to pay a license fee computed on their capital stock employed within the state, the Comptroller may not review his own decision by arbitrarily reassessing and readjusting a license fee imposed and paid.

2. SAME—LICENSE FEE—BASIS OF ASSESSMENT.

Under section 181 of the tax law (Laws 1896, p. 856, c. 908), requiring foreign corporations to pay a license fee computed on the capital stock employed by them within the state, the license fee of a foreign corporation should be assessed upon the amount of capital employed by it within the state, and not upon the amount of its capitalization.

3. SAME—APPRAISAL OF GOOD WILL.

The Comptroller, in appraising the stock of a foreign corporation as capital for the assessment of a license fee, may take into consideration the corporation's own estimate of the value of its good will.

Certiorari by the people, on the relation of the Nesmith & Constantine Company, against Nathan L. Miller, as Comptroller of the state of New York, commanding him to certify and return his proceedings in stating an account for the franchise tax against the relator, and for the imposition of a license fee, and in the revision and readjustment of the same. Determination of Comptroller modified and affirmed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Patterson & Shaw, for relator.

Julius M. Mayer and Horace McGuire, Dep. Atty. Gen., for respondent.

HOUGHTON, J. The relator is a foreign corporation organized in May, 1895, and began doing business in this state in June of that year with a paid-up preferred capital of $50,000 in cash, and a common stock issue of $200,000 for good will. The Comptroller imposed a license fee of $62.50, based upon the $50,000 only. Subsequently the corporation consolidated with another, and issued $30,-000 preferred stock for cash, and $300,000 common stock for the good will of the consolidating company. In readjusting the tax for the year ending October 31, 1901, the Comptroller appraised the relator's common stock at 66⅔ per cent., as capital employed, and

94 N.Y.S.—13

imposed a franchise tax upon that basis. In fixing the license fee under section 181 of the tax law (Laws 1896, p. 856, c. 908), he computed it on the par value of $30,000, representing the increased preferred stock, and on the $300,000 of increased common stock, as capital, notwithstanding the fact that he had appraised that stock at 66⅔ per cent., and included as well the $200,000 of stock issued for good will, which he had omitted in imposing his license fee in 1895, presumably because the Court of Appeals meantime had decided that good will was an asset which might be included in the imposition of a franchise tax and license fee. All of the relator's capital, including its good will, whatever might be its value, was confessedly employed within this state.

The relator insists that the Comptroller had no right to revise his own decision of 1895, and compel it to pay a license fee upon the $200,000 of capital which he then omitted, and, further, that he could not impose a license fee upon the increased issue of stock as capital at par, when his own assessment placed it at only 66⅔ per cent. In both of these propositions we think it is right. This court has held in decisions handed down at this term that the Comptroller has no right to review his own decision by arbitrarily reassessing and readjusting a license fee imposed and paid (People ex rel. Spencerian Pen Co. v. Kelsey, as Comptroller [App. Div.] 93 N. Y. Supp. 971), and also that a foreign corporation should be assessed upon the amount of capital employed by it within this state, and not upon the amount of its capitalization (People ex rel. Consolidated Ginseng Company v. Kelsey, as Comptroller [App. Div.] 93 N. Y. Supp. 369). The license fee should have been computed on the $30,000 of preferred stock, which was assessed as capital at par, and the $300,000 of increased stock appraised at 66⅔ per cent., or on $230,000 at the rate of 1¼ mills, which would leave the license fee $287.50, instead of $725, as imposed.

The relator also complains that its common stock was appraised as capital beyond its value. The stock now pays a small dividend, and was issued for $500,000 of good will, and the Comptroller had the right to take into consideration the relator's own estimate of its value. People ex rel. Keochl Company v. Morgan, 96 App. Div. 110, 88 N. Y. Supp. 1066. We do not feel that his determination in this regard should be disturbed.

The determination of the Comptroller should be modified by reducing the license fee to $287.50, and, as so modified, confirmed, with $50 costs and disbursements to relator. All concur.